# Exhibit "A"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JLM COUTURE, INC.,<br><br>      Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. _____ |

**AFFIDAVIT OF KEVIN S. MANN IN SUPPORT OF THE
APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C.
§ 327(a) AUTHORIZING AND APPROVING THE EMPLOYMENT
AND RETENTION OF CROSS & SIMON, LLC AS COUNSEL
TO THE DEBTOR *NUNC PRO TUNC* TO OCTOBER 2, 2023**

STATE OF DELAWARE    )
               ) ss.
COUNTY OF NEW CASTLE  )

KEVIN S. MANN, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Cross & Simon, LLC ("C&S"), 1105 North Market Street, Suite 901, Wilmington Delaware, 19801, and have been duly admitted to practice, *inter alia*, in the State of Delaware and in the United States District Court for the District of Delaware. This affidavit is submitted in support of the *Application for an Order Pursuant to 11 U.S.C. § 327(a) Authorizing and Approving the Employment and Retention of Cross & Simon, LLC as Counsel to the Debtor Nunc Pro Tunc to October 2, 2023* (the "Application").[1]

2. Neither I, C&S, nor any member, counsel or associate thereof, in so far as I have been able to ascertain, has any connection with JLM Couture, Inc. (the "Debtor"), its members, shareholders, creditors and equity security holders, or any other parties in interest or its respective attorneys or accountants, except as expressly set forth herein.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

3. Due to the size and diversity of C&S's practice, C&S may have represented or otherwise dealt with or may now be representing or otherwise dealing with certain entities or persons (and their attorneys or accountants or both) who are or may consider themselves to be creditors, equity security holders, or parties interested in this case. However, C&S has not and will not represent any entity other than the Debtor in connection with this chapter 11 case. In addition, C&S may be engaged in a number of matters in which attorneys and other professionals representing various parties of interest in this case are also involved.

4. C&S has conducted, and continues to conduct, research into its relations with the Debtor, its members, shareholders, creditors and equity security holders, and other parties interested in this case. To determine whether C&S had represented or otherwise dealt with entities or persons who are or may consider themselves to be creditors, equity security holders or parties in interest, C&S obtained the names of individuals or entities who may be parties in interest in this chapter 11 case (the "Potential Parties in Interest"). A list of the Potential Parties in Interest is attached hereto as Exhibit "A". C&S then entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of C&S. This inquiry revealed that no Potential Parties in Interest are current clients of C&S. C&S has, in the past, represented the following Potential Parties in Interest, or parties who may be affiliated with such Potential Parties in Interest, in matters wholly unrelated to the Debtor and the Chapter 11 Case, however these matters are closed:

    a. Wells Fargo Bank, National Association;

5. Neither I, C&S, nor any member, counsel or associate thereof, in as far as I have been able to ascertain, represent any interest adverse to the Debtor or its estate in the matters upon which we are proposed to be engaged.

6. Neither I, C&S, nor any member, counsel or associate thereof, in so far as I have been able to ascertain, has any connection with Andy Vara, Acting United States Trustee for Region 3, or any person employed in the Office of the United States Trustee.

7. Neither I, C&S, nor any member, counsel or associate thereof, in so far as I have been able to ascertain, is related to Andrew Vara, Acting United States Trustee for Region 3.

8. C&S is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in that said firm and its members, counsel and associates:

- a. are not creditors (including by reason of unpaid fees and expenses for pre-petition services), equity security holders, or insiders of the Debtor;

- b. are not and were not investment bankers for any outstanding security of the Debtor;

- c. have not been, within three (3) years before the date of the filing of the Debtor's chapter 11 petitions (i) investment bankers for any security of the Debtor or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of any security of the Debtor;

- d. are not and were not, within two (2) years before the date of the filing of the Debtor's chapter 11 petitions, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

- e. do not have any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an

investment banker specified in subparagraph (b) or (c) above, or for any other reason.

9. Subject to Court approval, in accordance with 11 U.S.C. §§ 330(a) and 331, compensation will be payable to C&S on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the law firm on the Debtor's behalf. The principal attorneys and paralegals presently designated to represent the Debtor, and their current standard hourly rates, are as follows:

    a. Christopher P. Simon: $695.00;

    b. Kevin S. Mann: $595.00; and

    c. Stephanie MacDonald (paralegal): $230.00.

These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

10. On June 15, 2023, C&S received, on behalf of the Debtor, as a retainer for legal services rendered and expenses (including filing fees) incurred in contemplation of the preparation, commencement and prosecution of this case, $10,000.00, as set forth in the Mann Affidavit. C&S received supplemental retainers of $2,475.00 on August 17, 2023 and $9,467.21 on October 2, 2023. Any portion of the general retainer that has not yet been applied to pre-petition fees and expenses will be applied when such amounts are identified, and should any of the amounts remain after such application, the remainder will be held for and applied against fees and expenses incurred after the Petition Date. C&S has received no other funds or transfers from the Debtor other than those identified above. Prior to the Petition Date, C&S earned and drew down on its retainer. C&S does not currently hold a retainer on behalf of the Debtor. C&S is not owed anything by the Debtor for pre-petition work that was not covered by the retainer. C&S

began work for the Debtor on June 15, 2023 and did not invoice the Debtor for any period prior to receiving the retainer.

11. Consistent with the United States Trustees' *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), which became effective on November 1, 2013,[2] I state as follows:

    a. C&S has agreed to a reduction of its standard or customary billing arrangements for this engagement;

    b. None of C&S's professionals included in this engagement have varied their rate based on the geographic location of the Chapter 11 Case;

    c. C&S was initially retained by the Debtor pursuant to an engagement agreement dated as of June 8, 2023. The material terms of the prepetition engagement are the same as the terms described in the Application and herein; and

    d. The Debtor has approved or will be approving a prospective budget and staffing plan for C&S's engagement for the post-petition period as appropriate. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

---

[2] The U.S. Trustee Guidelines acknowledge that "the Guidelines do not supersede local rules, court orders, or other controlling authority." While the Debtor and C&S intend to work cooperatively with the U.S. Trustee to address requests for information and any concerns that may have led to the adoption of the U.S. Trustee Guidelines, neither the filing of this declaration, nor anything contained herein, is intended to or shall be deemed to be an admission by C&S that it is required to comply with the U.S. Trustee Guidelines. C&S reserves any and all rights with respect to the application of the U.S. Trustee Guidelines in respect of any application for employment or compensation filed in this chapter 11 case.

11. C&S will comply with all of the requirements of this Court and of the Bankruptcy Code and Bankruptcy Rules with respect to fee and expense applications of professionals employed by bankruptcy estate.

12. No promises have been received by C&S nor by any member, counsel or associate thereof as to compensation in connection with its representation of the Debtor in this case other then as set forth in the Application.

13. C&S has no agreement with any entity to share any compensation received by C&S.

                                                                  *Kevin S. Mann*
                                                                  Kevin S. Mann (No. 4576)

SWORN TO AND SUBSCRIBED before me this 2nd day of October, 2023.

*Stephanie MacDonald*
Notary Public

[Notary Seal: STEPHANIE LYNN MACDONALD, MY COMMISSION EXPIRES September 8, 2024, NOTARY PUBLIC, STATE OF DELAWARE]

**EXHIBIT "A"**

## PARTIES IN INTEREST

**Debtor**
- JLM Couture, Inc.

**Banks**
- Wells Fargo Bank
- Sterling National Bank
- Bank of America

**Insurance Companies**
- Hartford Fire Ins Co
- Trumbull Ins Co
- Hartford Casualty Ins Co
- XL Specialty Ins. Co
- Philadelphia Indemnity Ins Co
- Berkley Ins Co
- Coalition

**Secured Creditors**
- The United States Small Business Administration

**Top 20 General Unsecured Creditors**
- Olmstead Properties, Inc.
- Weinberg Law PLLC
- Federal Express
- New York Lan Communications
- Yirae Fashions Inc.
- Kiss Bride Co., Ltd.
- Cision Inc.
- Windstream Enterprise
- Dick Bailey Services Inc.
- NYC Dept. of Finance
- Exenta Inc.
- Pentex
- Oxford Healthcare/United Healthcare
- Pryor Cashman LLP
- The Hartford Fire Insurance
- Strick and Company
- Knt Ltd 30/F Ew Intl Tower
- Xeneo Media
- Textile Gloria Ltd.
- Freedom Dress Factory
- V.C. Limited

**Government Authorities**
- Internal Revenue Service
- State of Delaware - Division of Corporations
- State of Delaware - Secretary of State
- State of New York - Department of State
- State of New York - Department of Labor

**Directors and Officers**
- Joseph L. Murphy
- Keith A. Cannon
- John Menzelos
- Jennifer Ricketts

**Other Parties in Interest**
- Hayley Paige Gutman

**Employees of the Office of the U.S. Trustee for the District Of Delaware**
- Benjamin Hackman
- Christine Green
- David Buchbinder
- David Villagrana
- Denis Cooke
- Diane Giordano
- Dion Wynn
- Edith A. Serrano
- Hannah M. McCollum
- Holly Dice
- James R. O'Malley
- Jane Leamy
- Joseph McMahon
- Juliet Sarkessian
- Karen Starr
- Lauren Attix
- Linda Casey
- Linda Richenderfer
- Michael Panacio
- Nyanquoi Jones
- Ramona Vinson
- Richard Schepacarter
- Rose Sierra
- Shakima L. Dortch
- T. Patrick Tinker
- Timothy J. Fox, Jr.

**Delaware Bankruptcy Judges**
- The Honorable Laurie Selber Silverstein
- The Honorable Thomas Horan
- The Honorable John T. Dorsey
- The Honorable Karen B. Owens
- The Honorable Brendan L. Shannon
- The Honorable Mary F. Walrath
- The Honorable Ashley M. Chan
- The Honorable Craig T. Goldblatt
- The Honorable J. Kate Stickles