# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JLM COUTURE, INC.,<br><br>Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 23-11659 (JKS)<br><br>**Hearing Date: February 28, 2024 at 11:00 a.m.**<br>**Objection Deadline: February 1, 2024 at 4:00 p.m.** |

## FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS

The above-captioned Debtor and Debtor-in-Possession files this first omnibus objection to the allowance of certain Claims (collectively, the "Disputed Claims") asserted against the Debtor. The Debtor respectfully requests that each of the Disputed Claims be modified or disallowed as more fully set forth herein. In support of this First Omnibus Objection to Claims (the "Objection"), the Debtor respectfully represent as follows:

## BACKGROUND

1. On October 2, 2023 (the "Petition Date"), the Debtor commenced a voluntary case under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. The Debtor is operating its business as debtor in possession pursuant to section 1184 of the Bankruptcy Code. William Homony has been appointed as Subchapter V Trustee.

3. Additional detail regarding the Debtor, its business, the events leading to commencement of this case, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Joseph L. Murphy in Support of First-Day Motions* [Docket No. 3] and is incorporated herein by reference.

4. On October 4, 2023, the Court docketed the *Notice of Chapter 11 Bankruptcy Case* [Docket No. 22] establishing the following dates for filing Proofs of Claim (the "Bar

Dates"): (i) December 1, 2023 as the deadline for each person (as defined in section 101(41) of the Bankruptcy Code) and entity (as defined in section 101(15) of the Bankruptcy Code, other than a governmental unit) to file a Proof of Claim in respect of a Claim, unless otherwise provided in the Bar Date Order; and (ii) April 1, 2024 as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim in respect of a Claim.

## JURISDICTION

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Additionally, the proposed Plan provides for the retention of jurisdiction over this matter. *See* Plan, Art. XI. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## OBJECTION AND BASIS THEREFORE

6. Pursuant to this Objection, the Debtor hereby objects to the Disputed Claims as more fully set forth below. A proposed form of order granting the relief requested herein is annexed hereto as Exhibit 1 (the "Proposed Order"). In support of this Objection, the Debtor submit the *Declaration of Joseph Murphy*, attached hereto as Exhibit 2.

7. The statutory predicate for the relief requested herein is section 502 of the Bankruptcy Code and Bankruptcy Rule 3007. Undersigned counsel hereby certifies that this Objection is in compliance with Local Rule 3007-1.

**A.     Contingent and Unliquidated Claims**

8. The Debtor objects to each of the Disputed Claims identified on Exhibit A (the "Contingent and Unliquidated Claims") attached to the Proposed Order and respectfully submits that they be disallowed in full. The Contingent and Unliquidated Claims are Claims that are not

yet ripe, are contingent upon the occurrence of some future event, or that have not yet been liquidated. These Claims appear to have been filed in estimated amounts and the Debtor is not liable on these Claims at this time and may not be liable on these Claims in the future. If the Contingent and Unliquidated Claims are not disallowed, the holders of such Claims may obtain a recovery when they are not owed one or may obtain a recovery that is significantly more than the Debtor's may eventually become liable for. Accordingly, the Debtor seeks to disallow each of the Contingent and Unliquidated Claims.

**B.     Reclassify Priority Claims**

9.     The Debtor objects to each of the Disputed Claims identified on Exhibit B (the "Reclassify Priority Claims") attached to the Proposed Order and respectfully submits that such Claims be reclassified as set forth in the column labeled "Corrected" on Exhibit B. The Reclassify Priority Claims have each asserted priority status. However, the Reclassify Priority Claims demonstrate no basis to support the asserted statuses. As more fully described in Exhibit B, the Reclassify Priority Claims are Claims for which the Debtor asserts that, according to Debtor's books and records and/or documentation filed with the relevant proof of claim, do not qualify for section 503(b)(9) or 507(a)(4) priority status, either in full or in part.

10.     If the Reclassify Priority Claims are not reclassified as specifically noted in the column labeled "Corrected" on Exhibit B, the holders of such Claims may obtain a recovery that is greater than permitted by the Bankruptcy Code and for which the Debtor is not liable. Therefore, for all of the foregoing reasons, each of the Reclassify Priority Claims identified on Exhibit B should be reclassified as set forth in the column labeled "Corrected" on Exhibit B.

## NOTICE

11. Notice of this Objection will be given to (i) the U.S. Trustee, (ii) each of the claimants listed on Exhibits A and B attached to the Proposed Order, (iii) the Subchapter V Trustee, and (iii) any party entitled to notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtor submits that no further notice is necessary or required.

WHEREFORE, the Debtor respectfully requests that the Court sustain the Objection as more fully set forth herein and provide such other relief as is just and proper.

Dated: January 17, 2024

CROSS & SIMON, LLC

 /s/ Kevin S. Mann
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
kmann@crosslaw.com

*Counsel for the Debtor*