# The Rosner Law Group LLC

### Attorneys at Law

824 N. Market Street, Suite 810
Wilmington, Delaware 19801
(302) 777-1111
www.teamrosner.com

FREDERICK B. ROSNER*
rosner@teamrosner.com

SCOTT J. LEONHARDT
leonhardt@teamrosner.com

ZHAO "RUBY" LIU+
liu@teamrosner.com

* Also admitted in NY
+ Also admitted in PA

February 12, 2024

**Via ECF**
The Honorable Kate Stickles
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

   Re: **In re JLM Couture, Inc.**
     **Chapter 11 Case No. 23-11659-(JKS)**

Your Honor:

   This firm is bankruptcy counsel to JLJ Bricken ("Landlord") with respect to Landlord's lease with the Debtor ("Lease") for the 5th Floor Premises at 225 W. 37th Street, NYC, NY (the "5th Floor Premises").  The Lease term expired in January 2022 but the Debtor remained in possession of the 5th Floor Premises as a holdover tenant since that time, including during the entirety of the post-petition period, without paying *any* rent.

   Landlord filed a *Motion for an Order: (a) Directing Immediate Payment of Post-Petition Stipulated Damages Pursuant to 11 U.S.C. § 365(d)(3), (b) Allowing and Directing Immediate Payment of Stub Period Stipulated Damages pursuant to § 503(b), and (c) granting relief from the Automatic Stay to continue the Landlord-Tenant Action* [D.I. 100] (the "Motion") and the Debtor thereafter filed its Objection [D.I. 112].

   The bankruptcy law provides many protections to landlords, including, §365(d)(4)(A). Pursuant to that section, the Debtor had 120 days from the Petition Date to assume or reject the Lease, unless this deadline was extended for up to an additional 90 days by order of the Court, or by consent of the Landlord. The 120-day period established by section 365(d)(4)(A) of the Bankruptcy Code expired in this case on January 30, 2024. Accordingly, the Lease is deemed rejected as a matter of law as of January 30, 2024.  The Landlord has not, and does not, agree to

any extension of the Debtor's time to assume or reject the Lease under section 365(d)(4), and the time to seek any such extension has expired. The Debtor, again, is a holdover tenant paying no rent.

Section 365(d)(4)(A) further provides following rejection, the "trustee [here, the debtor in possession], **shall immediately surrender that nonresidential real property to the lessor** …." (**emphasis** added).  *See, e.g., In re Scarborough-St. James Corp.,* 2015 Bankr. LEXIS 3258, *9 (Bankr. D. Del. September 24, 2015)("Further, upon rejection of a lease of nonresidential real property, the trustee shall "immediately surrender that nonresidential real property to the lessor. 11 U.S.C. § 365(d)(4)(A)."

The Debtor and Landlord are presently trying to resolve the matter consensually but that appears unlikely at this time.  The parties are also preparing for an evidentiary hearing on the Motion scheduled for February 28, 2024 (the "Hearing").  Landlord respectfully requests a brief status conference at the Court's convenience to discuss how the rejection of the Lease as a matter of law affects the Hearing. For example, §365(d)(4)(A) requires the "immediate surrender" of the 5th Floor Premises so presumably there is no need for relief from the automatic stay.  Also, after more than two years of the Debtor conducting its business "rent-free" at the 5th Floor Premises, Landlord respectfully requests that the Debtor surrender the 5th Floor Premises within three (3) days.

Landlord requests that the Court maintain the Hearing to fix the amount the Debtor owes Landlord pursuant to §§ 365(d)(3) and 503(b) so Landlord may participate as the holder of an allowed expense of administration in the case.

I am available at the Court's convenience.

Respectfully submitted,


*/s/ Frederick B. Rosner*
Frederick Rosner (DE Bar No. 3995)


cc:   Counsel of record to all Defendants
     (by CM/ECF and email)