

1105 North Market Street
Suite 901
Wilmington, Delaware 19801

Mailing Address:
P.O. Box 1380
Wilmington, DE 19899-1380

Kevin S. Mann*
kmann@crosslaw.com
(302) 777-4200, ext. 105
* admitted in Delaware and New Jersey

March 15, 2024

**BY CM/ECF & HAND DELIVERY**
The Honorable J. Kate Stickles
United States Bankruptcy Court
For the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

    Re:    In re JLM Couture, Inc.
             Bankr. D. Del. Case No. 23-11659 (JKS)

Dear Judge Stickles:

This firm is counsel to JLM Couture, Inc. (the "Debtor"), debtor and debtor-in-possession in the above-referenced case. I write in response to the Court's comments at the February 28, 2024 hearing on the *Motion by Landlord for an Order: (A) Directing Immediate Payment of Post-petition Stipulated Damages Pursuant to 11 U.S.C. § 365(d)(3), (B) Allowing and Directing Immediate Payment of Stub Period Stipulated Damages Pursuant to § 503(b), and (C) Granting Relief from the Automatic Stay to Continue the Landlord-Tenant Action* [Docket No. 100] (the "Motion").

At the February 28th hearing, the Court asked the Debtor and JLJ Bricken LLC (the "Landlord") to provide supplemental briefing on *In re Seven Stars Restaurant, Inc.*, 122 B.R. 213 (Bankr. SDNY 1990) and its relation to the Landlord's Motion, the effect of a notice of lease termination under New York law, the meaning of the term "obligation" in section 365(d)(3), and whether the liquidated damages requested by the Landlord are a "penalty" under section 365(b)(2)(D). Please accept this letter as the Debtor's supplemental brief.

I. *Seven Stars*

In discussing the Landlord's Motion, the Court asked the parties to review *In re Seven Stars Restaurant, Inc.*, 122 B.R. 213 (Bankr. SDNY 1990). This case is directly on point and supports the Debtor's position that the lease was terminated and expired pre-petition, making section 365(d)(3) inapplicable to the present case.

In *Seven Stars*, the Bankruptcy Court for the Southern District of New York was asked to determine whether a lease was terminated pre-petition and whether the debtor then had any property interest in the subject lease subject. The *Seven Stars* court ultimately determined that the pre-petition termination of the lease by the landlord, in accordance with the lease's terms, operated as a valid termination of the lease barring the debtor-tenant from resurrecting the lease or including it in the debtor's assets. There, the landlord provided the debtor-tenant with a notice of default and an opportunity to cure. When the debtor-tenant failed to cure within

the specified time, the landlord terminated the lease and the debtor-tenant lost any interest that it had in the lease. *Id*. at 218. The *Seven Stars* court held that its interpretation was "consistent with the recognized principle of bankruptcy law that an executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy." *Id.*[1]

Here, the Landlord provided the Debtor with a *Thirty (30) Day Notice of Termination* (the "Termination Notice") on December 28, 2022, a copy of which was filed by the Landlord at Docket No. 100-2, page 8 of 13. Such notice states, in relevant part, "You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises now held by you under monthly hiring" and gave the Debtor 30 days to leave the leased premises. As with the *Seven Stars* case, the termination of the Debtor's lease by the Landlord acts as a termination of the Debtor's interest in the lease.

Further, the *Seven Stars* court held that a commercial tenant may only stay the termination of a lease by obtaining a temporary injunction from the state court tolling the cure period. *Id*. at 217 (citing *First Nat'l Stores, Inc. v. Yellowstone*

---

[1] See also, *Comp III, Inc. v. Computerland Corp. (In re Comp III, Inc.),* 136 B.R. 636, 639 (Bankr.S.D.N.Y.1992) (stating that "where an executory contract has been terminated in accordance with its terms prior to bankruptcy, section 365(e)(1) does not authorize the bankruptcy court to reach beyond the veil of the petition to reinstate the contract") (citations omitted); *In re Fidelity American Mortg. Co.,* 19 B.R. 568, 573 (Bankr.E.D.Pa.1982) (debtor retained no interest in lease which had terminated prepetition as a result of debtor's default).

*Shopping Center, Inc.,* 21 N.Y.2d 630, 290 N.Y.S.2d 721, 237 N.E.2d 868 (1968); *Heavy Cream, Inc. v. Kurtz,* 146 A.D.2d 672, 537 N.Y.S.2d 183 (A.D. 2nd Dept. 1989)). "The commercial tenant's failure to obtain a so-called *Yellowstone* injunction results in the termination of the lease in accordance with its terms." *Id.* Here, there has been no evidence that the Debtor sought or obtained a temporary injunction regarding the termination of its lease, so there was no opportunity for the Debtor to resurrect the lease pre-petition and, consequently, the Landlord cannot resurrect the lease post-petition. *See Greenbaum v. 244 Madison Realty Corp.*, 493 N.Y.S.2d 965 (Supr. NY 1985) ("[T]he general rule appears to be that, after a lease has expired, it is too late to apply for injunctive relief, as it is when the period to cure has expired.")

In its Motion, the Landlord cites to *Super Nova 330 LLC v. Gazes*, 693 F.3d 138 (2d Cir. 2012) to support its position that the Debtor's lease has not expired, even though that is contrary to the Landlord's termination notice. The Landlord's position is also contrary to its own petition that it filed in the Civil Court of the City of New York (Docket No. 100-2, page 10 of 13), which states, "The term for which said premises were rented by the [Debtor] tenant expired on **JANUARY 31, 2023** pursuant to its terms." (emphasis in original)

The *Super Nova* case, which has never been cited in the 3rd Circuit and has mostly only been cited in New York state cases, is distinguishable in several ways.

First, in *Super Nova*, the landlord sought to terminate the relationship prior to the expiration of the lease on its terms. As noted in that case, in 2006, the tenant stopped making payment, the landlord sought possession, and before possession could be obtained, the tenant filed for bankruptcy. Then, the lease expired post-petition. The lease in *Super Nova* was unexpired as of the petition date and the debtor was not a holdover tenant at that time. That is not what happened here where the Debtor's lease clearly expired by its terms prior to the Debtor's bankruptcy filing.

Further, the *Super Nova* court discussed how the potential for reinstatement of a terminated lease for good cause could make a lease unexpired for purposes of 365(d)(3) analysis. But, here, the lease expired on its terms so there is no lease to reinstate and the Debtor, admittedly, could not show any cause, let alone good cause, to reinstate the expired lease. And, as discussed above, the Debtor did not seek a preliminary injunction in accordance with *Yellowstone*. The Debtor had no power to revive the expired lease and thus the lease should be considered expired.

Finally, another New York case that followed *Seven Stars* – *Fitz & Pal, Inc. v. International Pipe Fabrication, LLC*, 729 N.Y.S.2d 373 (Dist. Ct. 2001) – is helpful here. That case involved a disagreement over whether stay relief applied to an expired lease even when the Debtor remained in actual possession of the leased premises, holding that a judicial determination from a state court that the lease was

terminated was not needed to consider it expired.  The tenant there argued that its "mere possession" of the premises, even though the lease had expired by its terms, was sufficient to trigger the automatic stay.  But, the *Fitz & Pal* court disagreed, holding that the landlord could proceed with an eviction action based on the lease expiring by its own terms, stating, "It is 'not necessary for a landlord to move in the Bankruptcy Court to vacate the automatic stay when the Debtor has possession under a lease that has been terminated by the expiration of the stated term' and a landlord may do 'whatever is necessary and appropriate under state law to obtain possession' of the formerly leased property."  *Id*. at 691 (citing *In re Neville*, 118 B.R. 14 (Bankr. E.D.N.Y. 1990)).  Extrapolating that holding to the current situation, the Bankruptcy Code treats a lease that expires on its terms as expired regardless of whether a state court has made a determination that the lease has been terminated or has ordered an eviction of the tenant.

Thus, it is the Debtor's position that the lease is expired and Section 365(d)(3) does not apply.

## II. The Notice of Termination

As discussed above, the Landlord provided the Debtor with a notice of termination.  In New York, a notice of termination is a precondition to the filing of a landlord-tenant action and usually provides that, if a default is not cured in a certain period, the lease will be terminated.

An uncured termination notice acts as an expiration of the lease and allows the landlord to pursue a holdover proceeding. *See Glaze Teriyaki LLC v MacArthur Props. I LLC*, 206 A.D.3d 513 (Supr. NY 2022) ("The motion court correctly concluded that a default resulting in termination is an 'expiration' of the lease for the purpose of awarding holdover rent." (citing *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 (1990)).

At the time that Landlord provided the notice of termination to Debtor, there was no lease term in place and the Debtor had ceased making any payments. The notice of termination memorialized the expiration of the lease term. Further, it appears that the termination notice indicated that no lease was still in effect. It is axiomatic that "a nonpayment [summary eviction] proceeding must be predicated on a rental agreement that is in effect at the time the proceeding is commenced" *(e.g., 265 Realty, LLC v. Trec*, 39 Misc.3d 150[A], 2013 N.Y. Slip Op. 50974[U], 2013 WL 3111295 [App. Term, 2d Dept., 2d, 11th & 13th Jud. Dists. 2013]). *See also*, *Priege v. Paul*, 43 Misc.3d 135[A], 2014 N.Y. Slip Op. 50662[U], 2014 WL 1622924 (App. Term, 2d Dept., 9th & 10th Jud. Dists. 2014): ("Since the written lease had expired, a month-to-month tenancy on the same terms as those in the original lease is implied, inasmuch as tenants remained in possession after the expiration of the lease **and continued to pay rent**.") (emphasis added).

*ZB Prospect Realty v. Olenick*, 79 Misc.3d 592, 594 (Civ. City of NY 2023) made this point succinctly: "In other words, while there may have been an agreed upon rental amount so long as the tenant paid rent and the landlord accepted it, the tenant's failure to pay rent meant that there was no longer an agreement." *See also, 1400 Broadway Associates v. Henry Lee & Co.*, 161 Misc.2d 497, 614 N.Y.S. 2d 704 (Civ. Ct., N.Y. County 1994)

Here, the Landlord brought a holdover action which cannot be brought unless the lease is expired. *See* NY Real Property Actions and Proceedings Law 711(1); *Rita Knitting Mills v. Seidler*, 40 Misc.2d 725, 243 NYS2d 1002 (Civil Court Queens Cty 1963).

New York courts have long held that "upon the expiration of the lease agreement, it is the obligation of a tenant to vacate from the demised premises, inasmuch as his or her rights continue in possession thereof have expired." *MH Residential 1, LLC v. Barrett*, 871 NYS2d 805 (1st Dept. 2008). The Landlord's termination notice put the Debtor on notice that it was to vacate the premises and that its rights of possession had expired.

### III. "Obligations" under Section 365(d)(3)

The Court asked the parties to provide their analysis of what constitutes "obligations" under Section 365(d)(3) of the Bankruptcy Code. While it would appear that the term "obligations," as applied to an unexpired lease of real

property, would apply to rent, it appears from relevant caselaw, that anything that a debtor may validly owe to a landlord post-petition is an "obligation" under 365(d)(3).

### IV. Liquidated Damages as a Penalty

Finally, it is the Debtor's position that the treble damages sought by the Landlord constitute a penalty under section 365(b)(2)(D) of the Bankruptcy Code and, therefore, not afforded treatment under section 365(d)(3). That section reads, in relevant part:

> Paragraph (1) of this subsection does not apply to a default that is a breach of a provision relating to…
>
> (D) the satisfaction of any penalty rate or penalty provision relating to a default arising from any failure by the debtor to perform nonmonetary obligations under the executory contract or unexpired lease.

The Landlord bases the amount of its post-petition claim on paragraph 50 of the Debtor's lease which reads:

> Tenant acknowledges that possession of the demised premises must be surrendered to landlord at the expiration or sooner termination of the term of this lease. … Tenant therefore agrees that if possession of the demised premises is not surrendered to Landlord within seven (7) days after the date of the expiration or sooner termination of the term of this lease, then Tenant agrees to pay Landlord as liquidated damages for each month and for each portion of any month during which Tenant holds over in the premises after expiration or termination of the term of this lease, a sum equal to three times the average rent and additional rent which was payable per month under this lease during the last six months of the term thereof.

While, in its Motion, the Landlord refers to this tripling of the rent after the expiration of the lease term as "Stipulated Damages," in reality, they are liquidated damages as stated in the lease which would result in an unwarranted windfall to the Landlord. And, while the *Victoria Secret*[2] case may hold that treble rent as liquidated damages is enforceable in state court proceedings, multiple bankruptcy courts have held that liquidated damages are considered a penalty when analyzing a claim under Section 365(b)(2)(D).

Most notably, *In re Claremont Acquisition Corp., Inc.,* 113 F.3d 1029, 1034 (9th Cir.1997) held that the term "penalty rate" means a default rate of interest, and that "penalty provision" means a liquidated damages provision. This holding was adopted by *In re 2712 Mission Partners, L.P.*, 2010 WL 431738, at *3 (Bankr. N.D. Cal. Jan. 22, 2010) among others.

Along this same vein, the Bankruptcy Court for the Western District of Texas, in *In re Food City, Inc.,* 95 B.R. 451, 456 (Bankr. W.D. Tex. 1988), while making a 365(d)(3) determination, observed (emphasis added):

> Virtually every case which has ever applied this statute (including every case cited by KP Miller in its brief) has done so in the context of current obligations such as rent, common area maintenance charges, trash pick-up and the like. *In re Rare Coin Galleries of America, Inc.*, 72 B.R. 415, 416 (D.Mass.1987) (rent and trash pick-up); *In re Dieckhaus Stationers of King of Prussia, Inc*., 73 B.R. 969, 972 (Bankr.E.D.Pa.1987) (rents); *In re DeSantis*, 66 B.R. 998, 1004–

---

[2] *Victoria's Secret Stores, LLC v Herald Sq. Owner LLC*, 211 A.D.3d 657, 657 (1st Dept 2022).

05 (Bankr.E.D.Pa.1986) (rents); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 882–83 (Bankr.E.D.N.Y.1986) (rents and utility charges); *Matter of Lonqua*, 58 B.R. 503, 505 (Bankr.W.D.Wis.1986) (rents). **None of these cases authorized recovery of liquidated damages,** penalties, or other extraordinary fees.

Using these cases as a guide, it is reasonable to interpret the Landlord's request for liquidated damages as "the satisfaction of any penalty rate or penalty provision" and the Debtor's failure to surrender the premises is a "default arising from any failure by the debtor to perform nonmonetary obligations under the … unexpired lease."

So, even if the Court were to determine that the Debtor's lease had not expired pre-petition, the Landlord is still not eligible to receive the liquidated damages that it has requested.

Counsel is available should the Court have any questions.

                                  Respectfully submitted,

                                  */s/ Kevin S. Mann*

                                  Kevin S. Mann (No. 4576)

cc:    Fred Rosner, Esq.
        File Copy