**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>JLM COUTURE, INC.,<br><br>　　　　　Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 23-11659 (JKS)<br><br>**Hearing Date:  TBD**<br>**Objection Deadline:  TBD** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE DEBTOR AND HAYLEY PAIGE GUTMAN**

JLM Couture, Inc. (the "Debtor"), the above-captioned debtor and debtor-in-possession, by and through undersigned counsel, hereby files this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), approving a settlement agreement (the "Settlement Agreement")[1] by and between the Debtor and Hayley Paige Gutman ("Ms. Gutman" and together with the Debtor, the "Parties") with respect to the Parties claims against each other in this chapter 11 case and related litigation. In support of this Motion, the Debtor respectfully states as follows:

## BACKGROUND

### General

1.　On October 2, 2023 (the "Petition Date"), the Debtor commenced a voluntary case under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2.　The Debtor is operating its business as debtor in possession pursuant to section

---

[1] A copy of the Settlement Agreement is attached to the Proposed Order as Exhibit 1.

1

1184 of the Bankruptcy Code.  William Homony has been appointed as Subchapter V Trustee.

**The Debtor's Business**

3.    The Debtor is a leader in the bridal design and manufacturing industry, operating as a multi-label bridal house engaged in the design, manufacture, and distribution of bridal gowns and bridesmaids dresses.  The Debtor houses numerous award-winning brands. Under the JLM umbrella, the Debtor houses the following brands: Allison Webb, Ti Adora by Allison Webb, Lazaro, Tara Keely by Lazaro, Lazaro Bridesmaids & Formal, Hayley Paige, Blush by Hayley Paige, La Petite Hayley Paige, and Hayley Paige Occasions.

4.    The Debtor currently operates nine (9) collections, six (6) of which are bridal lines, two (2) bridesmaid lines and one (1) flower girl line. The Debtor's fashion brands cover a broad spectrum of aspirational to luxury price points.  In Spring 2012, the Debtor expanded its presence at the luxury end of the bridal business with the introduction of the Hayley Paige brand and the opening of its flagship store on Robertson Boulevard in West Hollywood, California. The Debtor launched the Allison Webb brand in Spring 2018.

**JURISDICTION**

5.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The statutory bases for the relief requested herein is Bankruptcy Rule 9019 and 11 U.S.C. §§ 105(a) and 502.

## RELIEF REQUESTED

7.  By this Motion, the Debtor respectfully requests entry of the Proposed Order approving the Settlement Agreement pursuant to Bankruptcy Rule 9019 and resolving the claims of Ms. Gutman in this case.

## FACTS RELEVANT TO THIS MOTION

8.  Prior to the Petition Date, Ms. Gutman entered into an employment agreement (the "Contract") dated July 13, 2011, by which she agreed to work for the Debtor. The Contract contains provisions, inter alia, related to Ms. Gutman's non-competition with the Debtor, the Debtor's right to use Ms. Gutman's name as well as certain derivations thereof, the Debtor's ownership of various trademarks related to Ms. Gutman's name, and the Debtor's ownership of intellectual property created by Ms. Gutman during her tenure with the company.

9.  After Ms. Gutman ceased working for the Debtor, on December 15, 2020, the Debtor commenced a lawsuit against Ms. Gutman (as well as her fiancé, Conrad Clevlen ("Mr. Clevlen")) in federal court in New York, asserting various causes of action (the "New York Case"). In response, Ms. Gutman filed counterclaims against the Debtor and its principal, Joseph Murphy ("Mr. Murphy"), also based on various causes of action.

10. Ms. Gutman's counterclaims against the Debtor were stayed by the Debtor's bankruptcy, but the Debtor was able to proceed with its claims.

11. During the course of this Chapter 11 case, Ms. Gutman filed a proof of claim (the "POC") in the amount of $71,000,000 as well as a motion to convert (the "Motion to Convert") this case to one under Chapter 7.

12. The Parties have conducted arms'-length negotiations and reached a settlement (the "Settlement") which will: (1) prevent the Debtor's estate from incurring administrative expenses in continuing to litigate the POC, the Motion to Convert, and the New York Case; (2) resolve all issues related to Ms. Gutman's claims against the Debtor and Mr. Murphy; (3) resolve all issues related to the Debtor's claims against Ms. Gutman and Mr. Clevlen; (4) bring additional funds into the estate while, at the same time, reducing expenses and claims; and (5) allows the Debtor to move towards a confirmable plan.

13. The terms of the Settlement are memorialized in the Settlement Agreement attached to the Proposed Order.

14. The Debtor also requests that, to the extent necessary, it be authorized to (i) execute and deliver all relevant instruments and documents, and (ii) take such other actions as may be necessary or appropriate to implement and effectuate the Settlement Agreement.

## BASIS FOR THE RELIEF REQUESTED

15. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 428 (1968). It is well settled that in order to "minimize litigation and expedite the administration

4

of a bankruptcy estate, [c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY 9019.03[1] (15th ed. 1993)). Accordingly, when required, "courts are able to craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, affect the result the [Bankruptcy] Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003).

16. The decision to approve a compromise of a claim is within the sound discretion of this Court. *In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986) ("Approval of the settlement lies within the sound discretion of the Bankruptcy Court."). In approving a settlement, a bankruptcy court need not be convinced that the settlement is the best possible compromise, but rather must conclude that the settlement falls within the reasonable range of litigation possibilities and is at least above "the lowest point in the range of reasonableness." *In re Capmark*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *see also Official Unsecured Creditors' Comm. of Pa. Truck Lines, Inc. v. Pa. Truck Lines, Inc. (In re Pa. Truck Lines, Inc.)*, 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993).

17. In determining whether to approve a settlement, bankruptcy courts have determined that the ultimate inquiry is whether the compromise is fair, reasonable and in the best interest of the estate. *Key3 Media Grp., Inc. v. Pulver. Corn, Inc. (In re Key3 Media Grp., Inc.)*, 336 B.R. 87, 92 (Bankr. D. Del. 2005); *see also Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006).

18. To approve a settlement under Bankruptcy Rule 9019(a), the Court must find that

it is "fair, reasonable and in the nest interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). This standard has been further described as follows:

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge ... is not to decide the numerous questions of law and fact raised ... but rather to canvas the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness.

*Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1982) *cert. denied* 464 U.S. 822 (1983). The United States Supreme Court has found that in determining the fairness of a compromise, a judge should:

> Form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors rolled into a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 419, 424-25 (1968).

19.    The Third Circuit in *In re Martin*, 91 F.3d at 393, applied *TMT Trailer* in the context of a settlement pursuant to Rule 9019(a), and enumerated the following factors to guide a court in its determination of the reasonableness of a settlement: (i) the probability of successful litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and (iv) the paramount interest of creditors appearing. *See also In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).  A proposed settlement need not be the best one that could be achieved, but must only fall "within the reasonable range of litigation possibilities." *In re Penn Central Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979). This does not require a "mini-trial on the merits" of the claims at issue but rather an evaluation of whether the proposed settlement is within the range of reasonableness. *Key3*

*Media,* 336 B.R. at 92.

20. The court should "defer to the [debtor in possession's] judgment so long as there is a legitimate business justification" to support the settlement. *In re Martin*, 91 F.3d at 395 (citations omitted). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d at 608 (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

21. The relief sought herein is being pursued in good faith, after a careful analysis of the potential claims of Ms. Gutman and the potential claims of the Debtor. The terms of the Settlement Agreement were agreed upon after a careful analysis by the Debtor, and negotiations with Ms. Gutman. Here the Settlement will clearly benefit the estates: (1) prevent the Debtor's estate from incurring administrative expenses in continuing to litigate the POC, the Motion to Convert, and the New York Case; (2) resolve all issues related to Ms. Gutman's claims against the Debtor and Mr. Murphy; (3) resolve all issues related to the Debtor's claims against Ms. Gutman and Mr. Clevlen; (4) bring additional funds into the estate while, at the same time, reducing expenses and claims; and (5) allows the Debtor to move towards a confirmable plan. While the Debtor believes that it would be successful in all litigation with Ms. Gutman, a settlement reduces the risk, inconvenience, and delay of trial and reduces costs and expenses. Further, it is the Debtor's understanding that any potential future judgment against Ms. Gutman would likely be difficult to collect. This reduction of costs, coupled with additional funds coming into the Debtor's estate, is in the best interest of all creditors and parties in interest.

## DEBTOR'S RESERVATION OF RIGHTS

22. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or

an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves their right to contest any invoice or claim related to the relief requested herein in accordance with applicable law.

## NOTICE

23. No examiner, or creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the twenty (20) largest unsecured claims against the Debtor (on a consolidated basis); (iii) counsel to Ms. Gutman; (iv) the Subchapter V Trustee; and (v) all parties that have entered their appearance in this Chapter 11 case. The Debtor respectfully submits that no further notice of this Motion is required.

## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated: May 16, 2024
Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ *Kevin Mann*
Kevin Mann (Del. Bar No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
kmann@crosslaw.com

*Counsel to the Debtor and Debtor in Possession*