<u>**EXHIBIT 1**</u>

**SETTLEMENT AGREEMENT**

**[REDACTED VERSION]**

## **SETTLEMENT AGREEMENT & MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Settlement Agreement") is dated as of May 14, 2024 by and among **JLM Couture, Inc**, a Delaware corporation with its principal offices located at 163 Amsterdam Avenue, No. 1202, New York, NY 10023 ("**JLM**") and **Joseph L. Murphy**, ("**Murphy**"), in favor of **Hayley Paige Gutman** ("**Gutman**") and **Conrad Louis Clevlen** ("**Clevlen**"). JLM, Murphy, Gutman, and Clevlen shall be referred to individually as a "Party" and collectively as the "Parties".

**WHEREAS**, JLM filed a lawsuit captioned *JLM Couture, Inc.* v. *Hayley Paige Gutman and Conrad Louis Clevlen*, Case Number 1:20-CV-10575-LTC-SLC, against Gutman and Clevlen that is pending in the United States District Court for the Southern District of New York (the "Lawsuit").

**WHEREAS**, JLM filed a Chapter 11 Voluntary Petition in the United States Bankruptcy Court of Delaware captioned, *JLM Couture, Inc.*, Case Number 1:23bk11659 (the "Bankruptcy"), which is still pending.

**WHEREAS**, it is the Parties' intent to put their disputes and previous relationships in the past and not have any relationship going forward.

**WHEREAS**, the Parties' intent to resolve the Lawsuit and the issues between them in the Bankruptcy in an effort to compromise disputed claims and to avoid the cost and expense of protracted, complex litigation.

**NOW THEREFORE**, in consideration of the foregoing premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals.**   The above recitals are true and correct and are incorporated herein by reference.

2. **Warranties and Representations.**  The Parties warrant and represent that they possess all necessary rights and authority to enter into this Settlement Agreement.

3. **Effective Date**.  This Settlement Agreement shall become effective upon the approval of the Bankruptcy Court as described in Paragraph 6 below.  Such date that the Settlement Agreement is approved by the Bankruptcy Court shall be the "Effective Date."

4. **Consideration**.  In consideration for the dismissal of the Lawsuit and the transfer of the intellectual property and assets assigned to Gutman by JLM under the Assignment Agreement, attached hereto as **Exhibit A** and incorporated herein by reference, Gutman shall pay JLM ████████████████████████████████████████

███████████████ ("Settlement Payment") within five (5) business days of this Settlement Agreement being approved by order of the Bankruptcy Court via wire transfer. The Parties agree that this Settlement Agreement is supported with sufficient and adequate consideration for all Parties.

Wire Transfer Instructions:



5. **Dismissal of Lawsuit; Parties to Bear own Fees and Costs.** Within five (5) business days of any settlement being approved by order of the Bankruptcy Court, the Parties, through their respective counsel, will execute and submit a Joint Stipulation for Dismissal with Prejudice that will dismiss all claims, counterclaims, and defenses in the Lawsuit, including all related motions, appeals, orders, and judgments, with prejudice and with each side to bear its own attorneys' fees and costs. In addition, within five (5) business days from the filing of the Joint Stipulation for Dismissal with Prejudice, ███████████████████████ ███████████████████████ ████████████

6. **Bankruptcy Filings**: This Settlement Agreement will be subject to Bankruptcy Court Approval. JLM agrees to file a Rule 9019 Motion within five (5) days from the date that this Settlement Agreement is fully executed. Immediately upon the execution of this Settlement Agreement, Gutman shall adjourn her pending motion to convert to a date to be determined. Within five (5) days from the Settlement Agreement being approved by order of the Bankruptcy Court, Gutman agrees to withdraw the proof of claim filed in the Bankruptcy and her pending motion to convert. Gutman and Clevlen agree not to cause any further filings or pleadings in the Bankruptcy, except with respect to the approval, interpretation or implementation of the Settlement Agreement.

7. **Present and Future Obligations.** Gutman shall immediately be released from all rights, restrictions, and/or obligations to JLM.

8. **Mutual Releases.** Except for matters relating to the enforcement or breach of this Settlement Agreement, the Parties hereby fully and forever release, acquit, satisfy, and forever discharge the other and their respective representatives, employees, agents, affiliates, independent contractors, members, shareholders, attorneys, insurers, heirs,

family members, successors, and assigns (collectively the "Released Parties") of and from any and all claims, costs, attorneys' fees, expenses, compensation, losses, demands, and all manner of actions, causes and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, torts, damages, judgments, and executions, whatsoever in law or in equity, known or unknown, matured or unmatured, accrued or unaccrued, suspected or unsuspected, which the Parties ever had, have, or may have against the Released Parties from the beginning of the world to the Effective Date of this Settlement Agreement that were raised in, that could have been raised in, or are related to the Lawsuit or the Bankruptcy.

9. **No Admission**. The Parties stipulate and agree that the settlement provided for herein is not and shall not be construed to be evidence of or any admission concerning the validity or invalidity of any of the claims in the Lawsuit. The Parties have entered into this Agreement in an effort to compromise disputed claims and to avoid the cost and expense of protracted, complex litigation. Nothing contained herein shall constitute an admission of any liability whatsoever.

10. **Governing Law and Venue**.  The Bankruptcy Court shall retain the exclusive jurisdiction to interpret and implement the terms of this Settlement Agreement.

11. **Agreement Binding.** This Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective representatives, employees, agents, shareholders, officers, directors, members, heirs, successors, and assigns, as the context permits.

12. **Confidentiality and Non-Disclosure**. The terms and provisions of this Agreement are agreed to be confidential.  The Parties nor their attorneys shall disclose or communicate the settlement terms provided for in this Agreement without the prior written consent of all the Parties or the Court, except to the extent such disclosure may be made to the attorneys, accountants, family members and advisors of the Parties, and except to the extent that such disclosure is permitted herein or compelled by judicial process.   For purposes of clarity, it shall not be a violation of this Paragraph for Gutman to disclose or communicate that Gutman now has ownership of the assets identified in the Assignment Agreement.  Moreover, Gutman shall be permitted to file the Assignment Agreement with any governmental agency to record the assignments of the assets transferred thereunder.

13. **Defamation and Disparagement**. The Parties agree that they will not make any defamatory or disparaging statements about any Party to this Settlement Agreement or the Released Parties.  This Paragraph 13 shall be construed and enforced in accordance with the laws of the State of New York.

14. **Counterparts**. This Agreement may be executed in a number of identical counterparts, including PDF scans, each of which shall be deemed an original for all purposes.

15. **Entire Agreement**. The Parties agree that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and any and all prior discussions, negotiations, commitments and understandings relating hereto are superseded and merged herein. The terms and provisions of this Settlement Agreement shall not be changed, amended, waived, modified or terminated in any respect whatsoever except by written instrument executed by all the Parties.

16. **Severability**.  If any provision in this Agreement is found to be unenforceable, it shall not affect the enforceability of the remaining provisions and the Court shall enforce the remaining provisions to the extent permitted by law.

17. **Acknowledgement of Representation**. The Parties acknowledge that they been represented by attorneys in this dispute, have consulted their attorneys prior to executing this Settlement Agreement, and that this Settlement Agreement is mutually negotiated and should not be construed against any Party. The Parties further acknowledge and agree that they have read and understand the meaning of this Agreement and are voluntarily entering into this Agreement.

**[SIGNATURES FOLLOW ON NEXT PAGE]**

**ACCEPTED AND AGREED TO BY:**

**JLM COUTURE, INC**

_____  DATED 05/15/2024 _____

**By: Joseph L. Murphy, President & CEO**

_____  DATED 05/15/2024 _____

**Joseph L. Murphy**

_____  DATED 5-14-2024 _____

**Hayley Paige Gutman**

_____  DATED 5-14-2024 _____

**Conrad Louis Clevlen**

**EXHIBIT A**

## ASSIGNMENT OF RIGHTS AGREEMENT

This Assignment of Rights Agreement ("Assignment Agreement") is entered into on May 14, 2024 between JLM Couture, Inc, a Delaware corporation with its principal offices located at 163 Amsterdam Avenue, No. 1202, New York, NY 10023 ("Assignor") and Hayley Paige Gutman ("Assignee"). Assignee and Assignor shall be referred to individually as a "Party" and collectively as the "Parties".

For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor and Assignee agree as follows:

1.      Assignor hereby irrevocably transfers, grants, conveys, assigns, and relinquishes exclusively to Assignee all of Assignor' ownership, right, title, and interest in and to all intellectual property rights owned by Assignor in perpetuity (or for the longest period of time otherwise permitted by law), all interest in all intellectual property and other assets associated with Assignee (the person and the brand) including, without limitation all ownership, right, title, interest, and benefit of Assignor throughout the world to:

(a) all copyrights, registered or unregistered, embodied in Assignee's copyrightable works owned by Assignor and all rights to copy, reproduce, prepare derivative works, distribute, display and perform thereof, including but not limited to any copyrights in any artwork, illustrations, designs, photographs, videos, social media posts, drawings, sketches, or patterns and the copyright registrations identified on **Schedule A** attached hereto **(**the "Copyrightable Works");

(b) all right of publicity owned by Assignor in connection with Assignee, including but not limited to, Assignee's name, image, likeness, and signature.

(c) all trademarks and logos, registered or unregistered, domestic or international, in connection with Assignee, including but not limited to the marks identified on **Schedule B** attached hereto with all associated goodwill (the "Trademarks"). Assignee recognizes that Assignor uses the terms "Occasions" and "Blush" in association with certain of its lines that are not associated with Assignee and Assignee will take reasonable efforts not to cause confusion in the marketplace regarding products that use those terms.

(d) All domain names that contain the Trademarks or any domain names that are confusingly similar to the Trademarks, including but not limited to the domain names identified on **Schedule C** attached hereto with all associated goodwill (the "Domain Names"), as well as any websites associated or linked to the Domain Names.

(e) All social media and YouTube accounts, including all content associated therewith, related to Assignee owned or controlled by Assignor, including but not limited to, the accounts identified on **Schedule D** attached hereto with all associated goodwill (the "Accounts").  Assignee shall be the sole owner of the Accounts and can use those Accounts in any manner at Assignee's sole and absolute discretion.

(f) The "Holy Matrimoji" mobile application and all intellectual property associated therewith, including any GSuites attached the websites at the domains identified in **Schedule C**.

(g) all powers and privileges of Assignor, in and to, the property identified above.

2.      Assignor hereby irrevocably transfers, grants, conveys, assigns, and relinquishes exclusively to Assignee any remaining license with Hearts on Fire.

3.      Assignor shall be precluded from using any of the assets identified in Paragraph 1, subject to only to the limited license identified in Paragraph 4.

4.      Assignee hereby grants Assignor a limited non-exclusive license to sell-through all in-progress and finished goods under the Trademarks, including but not limited to those goods outside of the wedding and bridal lines for a period of 60 days after the Bankruptcy Court's approval of the Settlement Agreement. Assignee agrees that, within five (5) business days after the Bankruptcy Court's approval of the Settlement Agreement, Assignor will not accept any new orders or re-orders for any products bearing, containing, or relating to any of the assets identified in Paragraph 1 or any derivative works thereof.

5.      Assignor does, to the extent permitted by law, hereby waive all claims of any proprietary or moral rights (or droit moral) in the property identified in Paragraph 1 or any derivative works thereof.

6.      In furtherance of this Assignment, Assignor hereby irrevocably assigns to Assignee and Assignor acknowledges that, from this date forward, Assignee has succeeded to all of Assignor's right, title, and standing to:

(a) receive all rights and benefits (including, without limitation, any litigation proceeds) pertaining to the property identified in Paragraph 1;

(b) institute and prosecute all actions, suits, claims and proceedings and take all actions that Assignee, in its sole discretion, may deem necessary or proper to collect, assert, or enforce any claim, right, or title of any kind in and to any and all of the property identified in Paragraph 1, including, without limitation, all actions, suits, claims and proceedings related to past, present and future infringements, violations and misappropriations of the intellectual property under copyright, patent, trademark, trade secret and other intellectual property laws;

(c) defend and compromise any and all actions, suits, or proceedings, including, without limitation, all actions, suits, claims and proceedings related to past, present and future infringements, violations and misappropriations, relating to such transferred and assigned rights, title, interest, and benefits and the property identified in Paragraph 1 generally, and

(d) do all other such acts and things in relation thereto as Assignee, in its sole discretion, deems advisable.

7.    Assignor agrees to execute all papers and to perform such other proper acts as Assignee may deem necessary to secure for Assignee or its designee the rights herein assigned. If, after reasonable effort, Assignee is unable to secure Assignor's signature on any document needed to apply for, prosecute, or transfer of any trademark, copyright, right of publicity, domain name, or social media account identified in Paragraph 1, Assignor hereby designates, appoints, and grants power of attorney to Assignee and its duly authorized officers and agents as Assignor's agents and attorneys-in-fact, to act for and on Assignor's behalf, to execute, verify and file any such applications and to do all other lawfully permitted acts to further the prosecution, issuance, or transfer of any trademark, copyright, right of publicity, domain name, or social media account identified in Paragraph 1, and other rights and protections thereon, with the same legal force and effect as if executed by Assignor.

8.    Each Party represents and warrants that it has the necessary power and authority to enter into this Assignment Agreement and perform its obligations hereunder and that it has not entered into any agreement that conflicts with this Assignment Agreement.

9.    This Agreement may be executed in any number of facsimile or electronic counterparts, and all counterparts will be deemed to constitute a single agreement.  The execution and delivery of one counterpart by any party has the same force and affect as if that Party had signed all other counterparts. The signatures to this Agreement may be executed on separate pages and when attached to this Agreement shall constitute one complete document. Facsimile or electronic signatures are acceptable and binding and shall be construed as if an original signature.

**IT IS AGREED**:

| JLM COUTURE, INC. | HAYLEY PAIGE GUTMAN |
|---|---|
| By: _____ | By: _____ |
| Title: _President_____ | Date: _5-14-2024_____ |
| Date: _05/15/2024_____ | |

**Schedule A**

| | | | |
|---|---|---|---|
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Fall 2013 Look Book. | VA0001929803 | 2013 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Fall 2014 Look Book. | VA0001921529 | 2014 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Fall 2015 Look Book. | VA0002005260 | 2015 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Fall 2016 Look Book. | VA0002078897 | 2016 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Spring 2013 Look Book. | VA0001929805 | 2012 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Spring 2014 Look Book. | VA0001921518 | 2013 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Spring 2015 Look Book. | VA0001939463 | 2014 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Spring 2016 Look Book. | VA0002005267 | 2015 |
| JLM Couture, Inc. | Blush by Hayley Paige Bridal Spring 2017 Look Book. | VA0002078872 | 2016 |
| JLM Couture, Inc. | Blush by Hayley Paige Fall 2017 Look Book. | VA0002119892 | 2017 |
| JLM Couture, Inc. | Blush by Hayley Paige Spring 2018 Look Book. | VA0002119879 | 2017 |
| JLM Couture, Inc. | Hayley Paige Bridal Fall 2012 Look Book. | VA0001929773 | 2012 |
| JLM Couture, Inc. | Hayley Paige Bridal Fall 2013 Look Book. | VA0001929779 | 2013 |
| JLM Couture, Inc. | Hayley Paige Bridal Fall 2014 Look Book. | VA0001921531 | 2014 |
| JLM Couture, Inc. | Hayley Paige Bridal Fall 2015 Look Book. | VA0002005268 | 2015 |
| JLM Couture, Inc. | Hayley Paige Bridal Fall 2016 Look Book. | VA0002078898 | 2016 |
| JLM Couture, Inc. | Hayley Paige Bridal Fall 2017 Look Book. | VA0002119880 | 2017 |
| JLM Couture, Inc. | Hayley Paige Bridal Spring 2013 Look Book. | VA0001929782 | 2012 |
| JLM Couture, Inc. | Hayley Paige Bridal Spring 2014 Look Book. | VA0001921545 | 2013 |

| JLM Couture, Inc. | Hayley Paige Bridal Spring 2015 Look Book. | VA0001939467 | 2014 |
|---|---|---|---|
| JLM Couture, Inc. | Hayley Paige Bridal Spring 2016 Look Book. | VA0002005270 | 2015 |
| JLM Couture, Inc. | Hayley Paige Bridal Spring 2017 Look Book. | VA0002078899 | 2016 |
| JLM Couture, Inc. | Hayley Paige Bridal Spring 2018 Look Book. | VA0002119876 | 2017 |
| JLM Couture, Inc. | Hayley Paige Occasions Bridesmaids Fall 2016 Look Book. | VA0002078900 | 2016 |
| JLM Couture, Inc. | Hayley Paige Occasions Bridesmaids Fall 2017 Look Book. | VA0002119873 | 2017 |
| JLM Couture, Inc. | Hayley Paige Occasions Bridesmaids Spring 2016 Look Book. | VA0002005272 | 2015 |
| JLM Couture, Inc. | Hayley Paige Occasions Bridesmaids Spring 2017 Look Book. | VA0002078901 | 2016 |
| JLM Couture, Inc. | Hayley Paige Occasions Bridesmaids Spring 2018 Look Book. | VA0002119890 | 2017 |
| JLM Couture, Inc. | Hayley Paige Red Carpet Collection Fall 2015 Look Book. | VA0002005265 | 2015 |
| JLM Couture, Inc. | Hayley Paige Red Carpet Collection Fall 2016 Look Book. | VA0002078915 | 2016 |
| JLM Couture, Inc. | Hayley Paige Red Carpet Collection Spring 2015 Look Book. | VA0002005263 | 2015 |
| JLM Couture, Inc. | Hayley Paige Red Carpet Collection Spring 2016 Look Book. | VA0002005261 | 2015 |
| JLM Couture, Inc. | Hayley Paige Red Carpet Collection Spring 2017 Look Book. | VA0002078914 | 2016 |

**Schedule B**

| Trademark Name | Case Number | Country Name | Application Number | Registration Number | Registration Date |
|---|---|---|---|---|---|
| HAYLEY PAIGE | 031748 | Australia | 1417075 | 1947188 | 11-Jul-2018 |
| HAYLEY PAIGE | 031750 | Australia | | 1546356 | 13-May-2013 |
| HAYLEY PAIGE + DESIGN | 031725 | Australia | 1952981 | 1952981 | 04-Sep-2018 |
| HOLY MATRIMOJI | 033900 | Australia | 1347318 | 1347318 | 16-Feb-2017 |
| HAYLEY PAIGE | 031727 | Canada | 1918768 | | |
| HAYLEY PAIGE + DESIGN | 031723 | Canada | 1918769 | | |
| BLUSH BY HAYLEY PAIGE | 033880 | China (People's Republic) | 14387907 | 14387907 | 14-Jun-2015 |
| HAYLEY PAIGE | 031750 | China (People's Republic) | | 1119107 | 13-May-2013 |
| HAYLEY PAIGE | 033227 | China (People's Republic) | 32612833 | 32612833 | 07-Apr-2019 |
| HAYLEY PAIGE + DESIGN | 031724 | China (People's Republic) | 33746950 | 33746950 | 07-Jul-2019 |
| HAYLEY PAIGE + Design | 033228 | China (People's Republic) | 38288811 | 38288811 | 07-Feb-2020 |
| HAYLEY PAIGE + Design | | China (People's Republic) | 20195775 | 20195775 | 21-Jul-17 |
| HOLY MATRIMOJI | 033900 | China (People's Republic) | 1347318 | 1347318 | 16-Feb-2017 |
| HOLY MATRIMOJI | 033986 | China (People's Republic) | 42488499 | 42488499 | 14-Sep-2020 |
| OCCASIONS BY HAYLEY PAIGE | 033837 | China (People's Republic) | 1208628 | | 30-May-2014 |
| BLUSH BY HAYLEY PAIGE | 031753 | European Union (Community) | | 012760138 | 14-Aug-2014 |
| HAYLEY PAIGE | 031748 | European Union (Community) | 1417075 | 1417075 | 11-Jul-2018 |
| HAYLEY PAIGE | 031750 | European Union (Community) | | 1119107 | 13-May-2013 |
| HAYLEY PAIGE + DESIGN | 031726 | European Union (Community) | 017950025 | 017950025 | 10-Jan-2019 |
| HOLY MATRIMOJI | 033900 | European Union (Community) | 1347318 | 01347318 | 16-Feb-2017 |
| OCCASIONS BY HAYLEY PAIGE | 031754 | European Union (Community) | | 012921417 | 15-Oct-2014 |
| BLUSH BY HAYLEY PAIGE | 031752 | Hong Kong | 304619520 | 304619520 | 01-Aug-2018 |
| HAYLEY PAIGE | 031735 | Hong Kong | 304619494 | 304619494 | 01-Aug-2018 |
| HAYLEY PAIGE + Design | 031728 | Hong Kong | 304659526 | 304659526 | 18-Apr-2019 |
| HAYLEY PAIGE | 031748 | Int'l Registration - Madrid Agreement / Protocol | 1417075 | 1417075 | 11-Jul-2018 |
| HAYLEY PAIGE | 031750 | Int'l Registration - Madrid Agreement / Protocol | 1119107 | 1119107 | 13-May-2013 |
| HOLY MATRIMOJI | 033900 | Int'l Registration - Madrid Agreement / Protocol | 1347318 | 1347318 | 16-Feb-2017 |
| OCCASIONS BY HAYLEY PAIGE | 033837 | Int'l Registration - Madrid Agreement / Protocol | 1208628 | 1208628 | 30-May-2014 |

| Trademark Name | Case Number | Country Name | Application Number | Registration Number | Registration Date |
|---|---|---|---|---|---|
| HOLY MATRIMOJI | 033900 | Japan | 1347318 | 1347318 | 16-Feb-2017 |
| HAYLEY PAIGE | 031750 | Turkiye | | 1119107 | 13-May-2013 |
| BLUSH BY HAYLEY PAIGE | 039425 | United Kingdom | | UK00912760138 | 14-Aug-2014 |
| HAYLEY PAIGE | 036967 | United Kingdom | | UK00801119107 | 13-May-2013 |
| OCCASIONS BY HAYLEY PAIGE | 039174 | United Kingdom | | UK00912921417 | 15-Oct-2014 |
| HAYLEY PAIGE | | United Kingdom | | UK00801417075 | 11-Jan-2019 |
| HAYLEY PAIGE + Design | | United Kingdom | | UK00917950025 | 10-Jan-2019 |
| BLUSH BY HAYLEY PAIGE | 034372 | United States of America | 88/801185 | 6141381 | 01-Sep-2020 |
| HAYLEY PAIGE | 031698 | United States of America | 88/017489 | 5858534 | 10-Sep-2019 |
| HAYLEY PAIGE | 031700 | United States of America | 85/454717 | 4161091 | 19-Jun-2012 |
| HAYLEY PAIGE + DESIGN | 031699 | United States of America | 87/294133 | 5368112 | 02-Jan-2018 |
| HAYLEY PAIGE + DESIGN | 031732 | United States of America | 88/099622 | 5858703 | 10-Sep-2019 |
| HAYLEY PAIGE OCCASIONS | 031713 | United States of America | 86/767152 | 5276982 | 29-Aug-2017 |
| HOLY MATRIMOJI | 033980 | United States of America | 88/698283 | 6029338 | 07-Apr-2020 |
| HOLY MATRIMOJI + DESIGN | 032814 | United States of America | 87/335809 | 5751796 | 14-May-2019 |
| JUST GOT PAIGED | 031684 | United States of America | 86/738521 | 5728141 | 16-Apr-2019 |
| LA PETITE HAYLEY PAIGE | 031697 | United States of America | 87/625341 | 5698436 | 12-Mar-2019 |
| LA PETITE HAYLEY PAIGE + DESIGN | 031690 | United States of America | 87/628313 | 5698444 | 12-Mar-2019 |
| OCCASIONS BY HAYLEY PAIGE | 031712 | United States of America | 86/292270 | 4914471 | 08-Mar-2016 |

**Schedule C**

1. hayleypaige.com
2. holymatrimoji.com
3. matrimoji.com
4. hayleypaigeoccasions.com
5. blushbyhayleypaige.com
6. lapetitehayleypaige.com
7. popuppaige.com
8. justgotpaiged.com

### Schedule D

1. Facebook: Hayley Paige Bridal on Facebook
2. Youtube: https://www.youtube.com/hayleypaigebridal
3. Pinterest: https://www.pinterest.com/misshayleypaige/
4. Instagram: http://www.instagram.com/misshayleypaige
5. Instagram: http://www.instagram.com/holymatrimoji
6. Instagram: http://www.instagram.com/blushbyhayleypaige
7. Instagram: http://www.instagram.com/hayleypaigeoccasions
8. Instagram: http://www.instagram.com/lapetitehayleypaige