**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>JLM COUTURE, INC.,<br><br>Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 23-11659 (JKS)<br><br>**Re: Docket Nos. 178 & 180** |

**MOTION TO SET EXPEDITED HEARING DATE AND SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE DEBTOR AND HAYLEY PAIGE GUTMAN AND MOTION TO SEAL EXHIBIT TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE DEBTOR AND HAYLEY PAIGE GUTMAN**

JLM Couture, Inc., as debtor and debtor in possession (the "Debtor"), hereby files this motion (the "Motion to Shorten") pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Section 105(a) of the Bankruptcy Code, and Rules 2002-1(b) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an Order shortening notice of, and scheduling a hearing on the concurrently-filed *Debtor's Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement by and Among the Debtor and Hayley Paige Gutman* [Docket No. 178] (the "9019 Motion") and *Motion to Seal Exhibit to Debtor's Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement by and Among the Debtor and Hayley Paige Gutman* [Docket No. 180] (the "Motion to Seal"). In support of this Motion to Shorten, the Debtor respectfully states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006 and Local Rules 2002-1(b) and 9006-1(e).

**RELIEF REQUESTED**

3. The Debtor respectfully requests entry of an order, substantially in the form attached hereto, (a) shortening notice with respect to the 9019 Motion and Motion to Seal, filed concurrently herewith, (b) scheduling the hearing to consider the 9019 Motion and Motion to Seal as soon as possible, and (c) providing that any objections or responses to the 9019 Motion and Motion to Seal must be filed and served so as to be received by the Debtor on or before the time for any hearing on the 9019 Motion and Motion to Seal.

**BASIS FOR RELIEF REQUESTED**

4. In accordance with Local Rule 9006-1(c) and Bankruptcy Rule 2002, parties generally are required to provide a total of 14 days' notice of motions to parties in interest specified in Local Rule 2002-1(b). However, Local Rule 9006-1(e) provides that the Court may shorten this notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

5. According to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without notice order the period reduced." In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspaper, LLC*, 690 F.3d 161, 171-

72 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings"); *see also In re Hester*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts."). Berkshire submits that exigent circumstances warrant granting this Motion to Shorten.

6. As brief background, on October 2, 2023 (the "Petition Date"), the Debtor commenced a voluntary case under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

7. The Debtor is operating its business as debtor in possession pursuant to section 1184 of the Bankruptcy Code. William Homony has been appointed as Subchapter V Trustee.

8. As more fully described in the 9019 Motion, the Debtor and Hayley Paige Gutman ("Ms. Gutman") have reached an agreement whereby additional funds will come into the Debtor's estate and expenses will be significantly reduced. Also, through the 9019 Motion, all claims between the Debtor and Ms. Gutman will be resolved, resulting in dismissal of the currently pending litigation in New York federal court.

9. On May 9, 2024, the Court entered an Order [Docket No. 174], directing the Debtor to make a payment to its former landlord in the amount of $125,860.23 by May 24, 2024. While the Debtor is seeing order growth in certain of its business segments, timely making of the payment to the former landlord would prove difficult, in turn threatening the Debtor's ability to confirm a plan in this case. If the Court hears the 9019 Motion on an expedited basis, the Debtor and Ms. Gutman will be able to quickly complete their obligations under their settlement, resulting in additional funds coming into the estate prior to May 24, 2024. This would be in the best interests of the Debtor's estate and creditors, including the former landlord.

10. A hearing on the 9019 Motion and Motion to Seal on an expedited basis will not

prejudice Ms. Gutman, the Debtor's estate, creditors or parties in interest. The relief requested in the 9019 Motion and Motion to Seal is necessary and directly related to the Debtor's operations and future proceedings in this case.

## **NOTICE**

11.     Notice of this Motion to Shorten has been provided by e-mail to the following parties or their counsel, if known: (a) the United States Trustee; (b) counsel to the Debtor's former landlord; (c) counsel to Ms. Gutman; and (d) the Subchapter V Trustee. The Debtor asserts that no further parties require immediate notice of this Motion to Shorten.

12.     If the Court grants this Motion to Shorten, the Debtor will immediately serve a copy of the Order on the above-listed notice parties by e-mail.

## **NO PRIOR REQUEST**

13.     No other or prior motion for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Debtor respectfully request that the Court enter an Order: (a) shortening notice with respect to the 9019 Motion and Motion to Seal; (b) scheduling the hearing to consider the 9019 Motion and Motion to Seal as soon as possible; and (c) providing that any objections or responses to the 9019 Motion and Motion to Seal must be filed and served so as to be received by time of any hearing on the 9019 Motion and Motion to Seal.

5

| | |
|---|---|
| Dated: May 16, 2024 | CROSS & SIMON, LLC |
| | |
| | /s/ Kevin S. Mann |
| | Kevin S. Mann (No. 4576) |
| | 1105 North Market Street, Suite 901 |
| | Wilmington, Delaware 19801 |
| | (302) 777-4200 |
| | kmann@crosslaw.com |
| | |
| | *Counsel for the Debtor and Debtor in Possession* |