# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JLM COUTURE, INC.,<br><br>Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 23-11659 (JKS)<br><br>Re: Docket Nos. 282, 288 |

### ORDER (I) DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Dismissal Motion")[1] of the above-captioned Debtor and Debtor in possession (the "Debtor") for the entry of an order (i) dismissing the Chapter 11 Case; (ii) authorizing the Debtor to satisfy the Outstanding Admin Claims, Remaining Secured Claim, and Priority Claims; (iii) approving procedures for the filing and approval of Final Fee Applications; and (iv) granting related relief, all as more fully set forth in the Dismissal Motion; and upon consideration of the record of the Chapter 11 Case; and upon the *Order (I) Approving the Procedures for Dismissal of the Debtor's Chapter 11 Case; (II) Approving the Process for Final Professional Fees, and (III) Granting Related Relief* [Docket No. 288]; and upon the certification of counsel requesting entry of an order dismissing the Chapter 11 Case; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Standing Order; and this Court having found that venue of the Chapter 11 Case and the Dismissal Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Dismissal Motion.

Constitution; and this Court having found that notice of the Dismissal Motion has been given as set forth in the Dismissal Motion and that such notice is adequate and no other or further notice need be given; and the Court having found and determined that the relief requested in the Dismissal Motion and provided for herein is in the best interest of the Debtor, its estate, its creditors, and all other parties-in-interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Dismissal Motion is GRANTED as set forth herein.

1. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Debtor's Chapter 11 Case is dismissed effective immediately.

2. This Order shall be served on the U.S. Trustee, the Subchapter V Trustee, all entities that have requested notice pursuant to Bankruptcy Rule 2002, and the Debtor's known creditors and equity holders. No further notice regarding the dismissal of the Chapter 11 Case shall be required.

3. The retention of the Professionals is terminated, effective immediately, without the need for further action on the part of this Court, the Debtor, or such firms.

4. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders, and judgments of this Court made during the course of the Chapter 11 Case of the Debtor, including, without limitation, the Sale Order, shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Case, and are specifically preserved for purposes of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent stipulation, settlement, order, or judgment of this Court, as applicable.

3

5.      To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

6.      The Debtor is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

7.      Notwithstanding the dismissal of the Chapter 11 Case, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order or any other Order of this Court entered in the Chapter 11 Case.